# United States Court of Appeals for the Federal Circuit

---

**CYWEE GROUP LTD.,**
*Appellant*

v.

**GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., LG ELECTRONICS INC., HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE (DONGGUAN) CO., LTD., HUAWEI INVESTMENT & HOLDING CO., LTD., HUAWEI TECH. INVESTMENT CO., LTD., HUAWEI DEVICE (HONG KONG) CO., LTD.,**
*Appellees*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1565, 2020-1567

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01257, IPR2018-01258.

---

Decided: February 8, 2023

---

JAY P. KESAN, DiMuroGinsberg PC - DGKeyIP Group, Tysons Corner, VA, for appellant. Also represented by CECIL E. KEY, HENNING SCHMIDT; MICHAEL W. SHORE, The Shore Firm, Dallas, TX.

MATTHEW A. SMITH, Smith Baluch LLP, Washington, DC, for appellee Google LLC. Also represented by ANDREW BALUCH, ELIZABETH LAUGHTON.

NAVEEN MODI, Paul Hastings LLP, Washington, DC, for appellee Samsung Electronics Co., Ltd. Also represented by CHETAN BANSAL.

ANDREW V. DEVKAR, Morgan Lewis & Bockius LLP, Los Angeles, CA, for appellee LG Electronics Inc. Also represented by NATALIE A. BENNETT, Washington, DC.

STEVEN MARK GEISZLER, Futurewei Technologies, Inc., Addison, TX, for appellees Huawei Device USA, Inc., Huawei Device Co., Ltd., Huawei Technologies Co., Ltd., Huawei Device (Dongguan) Co., Ltd., Huawei Investment & Holding Co., Ltd., Huawei Tech. Investment Co., Ltd., Huawei Device (Hong Kong) Co., Ltd.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, MEREDITH HOPE SCHOENFELD.

_____

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PROST, *Circuit Judge*.

CyWee Group Ltd. ("CyWee") requested that the Director of the U.S. Patent and Trademark Office ("PTO") rehear two inter partes review ("IPR") proceedings, each of which

had resulted in a final written decision of the Patent Trial and Appeal Board ("Board") determining all challenged claims unpatentable. CyWee's request was denied as to each IPR. CyWee appeals those denials. We affirm.

BACKGROUND

In June 2018, Google LLC ("Google") filed two petitions for IPR challenging certain claims of CyWee's patents. CyWee filed a preliminary response to each petition on September 14, 2018. On December 11, 2018—within three months of CyWee's preliminary responses—the Board instituted (for each petition) IPR on all challenged claims. After institution, each IPR was joined by other parties. Because of those joinders, on December 4, 2019, the Board extended its deadline for the final written decisions—a deadline that's typically one year from institution—by one month, making the new deadline January 10, 2020. *E.g.*, J.A. 7869–73. On January 9, 2020, the Board issued its final written decision in each IPR, determining all respective challenged claims unpatentable for obviousness.

CyWee appealed both Board decisions to this court in March 2020, and we consolidated the appeals. In addition to challenging the merits of the Board's unpatentability determinations, CyWee challenged the appointment of Board administrative patent judges ("APJs") as unconstitutional in view of the Appointments Clause, U.S. CONST. art. II, § 2, cl. 2. In a March 2021 decision, we affirmed. We rejected CyWee's Appointment Clause challenge as foreclosed by our then-governing precedent, including *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). *See CyWee Grp. Ltd. v. Google LLC*, 847 F. App'x 910, 913 (Fed. Cir. 2021). We also rejected or otherwise disposed of CyWee's other challenges. *Id.* at 912–14. CyWee petitioned for panel and en banc rehearing. After denying both, this court issued its mandate on June 10, 2021.

Eleven days after the mandate, the Supreme Court issued its decision in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021) ("*Arthrex*"). The Court held in *Arthrex* that APJs' power to render final patentability decisions unreviewable by an accountable principal officer gave rise to an Appointments Clause violation. *Id.* at 1980–82, 1985. The Court remedied the violation by (1) vitiating anything in 35 U.S.C. § 6(c) that prevented the Director from reviewing final Board decisions in the IPR context and (2) "remand[ing] to the Acting Director for him to decide whether to rehear" the case. *Id.* at 1987.

After *Arthrex* issued, CyWee moved this court to recall its mandate and remand to the PTO for proceedings consistent with *Arthrex*. We recalled the mandate, remanded "for the limited purpose of allowing CyWee the opportunity to request Director rehearing of the final written decisions," and required CyWee to inform this court within 14 days of any decision denying rehearing. Order at 3 (Sept. 23, 2021), ECF No. 109. On remand, CyWee's requests for Director rehearing were referred to the Commissioner for Patents, who at the time was performing the non-exclusive functions of the Director and Deputy Director (those two offices were vacant at the time). The Commissioner denied rehearing and ordered that the Board's final written decisions were "the final decision[s] of the agency." J.A. 41578. CyWee thereafter filed, in accordance with an order of this court, amended notices of appeal challenging the rehearing denials.

CyWee's opening brief challenged, among other things, the Commissioner's authority to perform the review *Arthrex* contemplates. Before any response brief was filed, Google moved to stay the appeal, citing the relatively advanced state of this court's consideration of the same issues in *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 18-2140, as argued and submitted to a panel of this court on March 30, 2022. We stayed the instant case pending this court's mandate in that case.

Less than three weeks after we stayed the instant case, the referenced panel issued its decision, rejecting challenges concerning the Commissioner's authority to perform the review *Arthrex* contemplates. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022) ("*Arthrex II*"). After this court's mandate in *Arthrex II*, we lifted the stay in the instant case and directed CyWee to file a supplemental brief identifying the arguments from its opening brief that it believed were not foreclosed or otherwise resolved by *Arthrex II*. Order (Sept. 7, 2022), ECF No. 135.

We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

CyWee seems to acknowledge that *Arthrex II* compels rejecting its challenges to the Commissioner's authority to perform the review *Arthrex* contemplates, including CyWee's challenges under the Appointments Clause, the Federal Vacancies Reform Act, and the Constitution's separation of powers. *See* Appellant's Supp. Br. 2–3.[1] CyWee also seems to acknowledge that our decision in *In re Palo Alto Networks, Inc.*, 44 F.4th 1369 (Fed. Cir. 2022), compels rejecting its Appointments Clause challenge regarding the institution decisions. *See* Appellant's Supp. Br. 3–4. And regardless of CyWee's willingness to concede the points, we conclude that *Arthrex II* and *In re Palo Alto Networks* compel rejecting those challenges. *See Arthrex II*, 35 F.4th at 1333–40; *In re Palo Alto Networks*, 44 F.4th at 1375 ("[T]he statutory and regulatory provisions concerning institution do not violate the Appointments Clause.").

CyWee also argues that the Board's institution decisions and final written decisions were untimely. Appellant's Br. 19–21;[2] *see id.* at 39–40 (styling the untimeliness

---

[1] "Appellant's Supp. Br." refers to ECF No. 136.
[2] "Appellant's Br." refers to ECF No. 124.

Case: 20-1565    Document: 153    Page: 6    Filed: 02/08/2023

6                          CYWEE GROUP LTD. v. GOOGLE LLC

arguments as implicating "due process"); Reply Br. 2–5.[3] According to CyWee, it was not enough that the Board instituted the IPRs within the statutorily required three months of receiving CyWee's preliminary responses. *See* 35 U.S.C. § 314(b). Nor was it enough that the Board issued its final written decisions within the time the statute contemplates (i.e., one year from institution, plus in this case an additional one month due to joinder). *See* 35 U.S.C. § 316(a)(11). Rather, CyWee insists, not only must the Director be *able* to review institution decisions and final written decisions, she also must perform (or have the opportunity to perform) such a review *within the statutory deadlines* applicable to those decisions. *See, e.g.*, Reply Br. 4 ("The [PTO] argues that the three-month deadline in § 314(b) (for institution) and the one-year deadline in § 316(a)(11) (for the final written decision) do not apply to any Director review decisions. This is incorrect." (cleaned up)).

CyWee's untimeliness arguments are meritless. The statutory provisions setting specific deadlines for institution decisions and final written decisions say nothing of deadlines for any further Director review of those decisions. For an institution decision, § 314(b) provides that, as relevant here, "[t]he Director shall determine whether to institute an [IPR] . . . within 3 months after . . . receiving a preliminary response to the petition." The Director has permissibly delegated to the Board the determination of whether to institute an IPR. *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 812 F.3d 1023, 1031–33 (Fed. Cir. 2016) (citing, among other things, 37 C.F.R. § 42.4(a)); *In re Palo Alto Networks*, 44 F.4th at 1373, 1375–77. If the Board makes that determination within the § 314(b) deadline—and here, it did—the institution decision is timely, notwithstanding the possibility that the Director may later revisit

---

[3] "Reply Br." refers to ECF No. 145.

that decision. For a final written decision, § 316(a)(11) requires the Director to prescribe regulations "requiring that the final determination in an [IPR] be issued not later than 1 year after" an institution decision is noticed, except that the Director may adjust that one-year deadline under certain circumstances. The Director has prescribed such a regulation. *See* 37 C.F.R. § 42.100(c) ("An [IPR] proceeding shall be administered such that pendency before the Board after institution is normally no more than one year."). Here, due to joinder, the Board extended the one-year deadline by one month and issued its final written decisions within that extended deadline. So, unless CyWee can show that this extension was improper (and as discussed below, it hasn't), the Board's final written decisions were timely—again, notwithstanding the possibility that the Director could have later reviewed those decisions.[4]

Likewise meritless is CyWee's argument that the Board lacked authority to extend the one-year deadline for final written decisions in the case of joinder. The relevant statutory provision, § 316(a)(11), states that the Director

---

[4] CyWee's reply brief might be read to argue that Director review of institution decisions and final written decisions (or the opportunity for such review) need *not* comply with the specific deadlines contemplated by §§ 314(b) and 316(a)(11) but instead with more general notions of timeliness. *See* Reply Br. 5 (citing 35 U.S.C. § 316(b), which requires the Director to consider the effect of certain regulations on the PTO's ability to "timely complete proceedings instituted under this chapter"); *see also id.* at 4 (arguing that Director review of a final written decision must occur "in a reasonable time"). But even assuming (for argument's sake) that such a general timeliness requirement exists, and that we could review compliance with it, we see nothing suggesting that the PTO proceedings here would have violated such a requirement.

"may adjust the time periods in this paragraph [(e.g., the one-year-from-institution deadline for final written decisions)] in the case of joinder under [§] 315(c)." The Director has delegated that time-adjustment authority to the Board. 37 C.F.R. § 42.100(c) ("An [IPR] proceeding shall be administered such that pendency before the Board after institution is normally no more than one year. The time can be . . . *adjusted by the Board in the case of joinder.*" (emphasis added)). And that delegation is permissible for at least two reasons. First, absent affirmative evidence of contrary congressional intent (which CyWee hasn't shown), agency heads have implied authority to delegate to other officials within the agency. *See Ethicon Endo-Surgery*, 812 F.3d at 1031–33. Second, Congress's vesting of broad rulemaking powers with the Director provides an alternative source of her authority to delegate. *See id.* at 1033 (citing 35 U.S.C. §§ 2(b)(2), 316(a)(4)).

CyWee nonetheless maintains that, because there was no "right" for Director review of the Board's extension decisions, an Appointments Clause violation has occurred. *See* Appellant's Br. 22. If by "right" CyWee means that the Director had no right to review those decisions, CyWee is plainly mistaken: "as a matter of law, the usual rule is that an agency head's delegation of her authority to subordinates is premised, at least in part, on the delegating official maintaining the power to review the decisions of the delegee." *In re Palo Alto Networks*, 44 F.4th at 1375 n.3 (cleaned up). And if by "right" CyWee means that there was no right for it to seek or obtain Director review, even if it were correct on that score, that also would not give rise to an Appointments Clause violation. "[T]he Appointments Clause was intended to prevent unappointed officials from wielding too much authority, not to guarantee procedural rights to litigants, such as the right to seek rehearing from the Director." *Piano Factory Grp., Inc. v. Schiedmayer Celesta GmbH*, 11 F.4th 1363, 1374 (Fed. Cir. 2021); *see also In re Palo Alto Networks*, 44 F.4th at 1376 (observing that

language in *Arthrex* "strongly suggests that delegation to the Board of the authority to decide on institution without a mechanism for parties to subsequently request Director review does not present Appointments Clause problems"); *id.* at 1375–77.[5]

## CONCLUSION

We have considered CyWee's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

---

[5] CyWee's supplemental brief—ordered solely to assess which arguments in its opening brief survived our later-issued precedent—sought to add new arguments. In particular, CyWee cited a U.S. Government Accountability Office report dated July 21, 2022, and "request[ed] that it be allowed to brief" an issue concerning alleged structural bias at the Board. Appellant's Supp. Br. 4–6. We deny the request.